UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BRANDON MICHEL LANE,

      Petitioner,

v.                                               CIVIL ACTION NO. 5:21-CV-00115

MAJOR D. J. and
CAPTIAN BURTON and
SARGENT LESTER and
CORPORAL GRANT and
CORPORAL WIMMER and
SARGENT COX and
CORPORAL CLEAR and
CORPORAL COX and
CORPORAL POWERS and
CORPORAL MITCHUM and
CORPORAL TONY and
CORPORAL HAYS and
CORPORAL COULTURE and
CORPORAL BOOTH and
CORPORAL STURGIL and
OFFICER MAXWELL and
CORPORAL SAMPSON and
CORPORAL PACK and
COUNSELOR MARTIN,

      Respondent.

**ORDER**

Pending are Petitioner's Complaint [Doc. 2], filed February 16, 2021, Amended Complaint [Doc. 5], filed February 25, 2021, and Application to Proceed without Prepayment of Fees and Costs [Doc. 4], filed February 25, 2021. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on

September 21, 2021. Magistrate Judge Aboulhosn recommended the Court dismiss the Complaint and Amended Complaint without prejudice and deny as moot Plaintiff's application to Proceed without Prepayment of Fees and Costs.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

If the PF&R was delivered by mail, objections in this case were due on October 8, 2021. While the PF&R was originally returned as undeliverable,[1] the Court was able to locate Mr. Lane, and the PF&R was resent to him at his new address. [Doc. 9]. Despite the extraordinary steps the Court took to locate Mr. Lane and deliver the PF&R, he still failed to file objections.

---

[1] Mr. Lane is required to maintain a current address with the Clerk. L.R. Civ. P. 83.5 ("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number."). Thus, any delay in receiving the PF&R does not excuse the failure to file objections by the deadline.

Accordingly, the Court **ADOPTS** the PF&R **[Doc. 8]**, **DENIES** as moot Petitioner's Application to Proceed without Prepayment of Fees and Costs **[Doc. 4]**, **DISMISSES** without prejudice the Complaint **[Doc. 2]** and Amended Complaint **[Doc. 5]**, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 28, 2021



Frank W. Volk
United States District Judge